UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MICHAEL FREDERICKS,

               Plaintiff,            12 Civ. 3734

   -against-                   OPINION

CITY OF NEW YORK, ET AL.,

               Defendants.

------------------------------------X

A P P E A R A N C E S:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/12

       Attorneys for Plaintiff

       RANKIN & TAYLOR
       350 Broadway, Suite 701
       New York, NY  10013
       By:  David Bruce Rankin, Esq.
           Robert Matthew Quackenbush, Esq.


       Attorneys for Defendants

       NEW YORK CITY LAW DEPARTMENT
       100 Church Street, 3rd Floor
       New York, NY  10007
       By:  Eric Brent Porter, Esq.

**Sweet, D.J.**

The City of New York along with its co-defendants (collectively, the "Defendants") have filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint (the "Complaint") filed by Plaintiff Michael Fredericks ("Fredericks" or the "Plaintiff"). For reasons stated below, Defendants' motion to dismiss is denied as moot with leave to renew.

**Prior Proceedings**

On May 10, 2012, Plaintiff filed the Complaint against Defendants, bringing a civil rights action for alleged violations of Plaintiff's constitutional and statutory rights and for injuries caused by the deliberate indifference of agents and employees of the New York City Department of Correction. On July 20, 2012, Defendants filed their motion to dismiss the Complaint. On July 27, 2012, Plaintiff filed a notice informing the Court and Defendants of Plaintiff's intention to file, pursuant to Fed. R. Civ. P. 15(a)(1)(B) a first amended complaint (the "Amended Complaint"). Plaintiff subsequently filed the Amended Complaint on July 30, 2012.

1

**Defendants' Motion To Dismiss Is Denied As Moot**

Fed. R. Civ. P. 15, in relevant part, provides that:

A party may amend its pleadings once as a matter of
course within: (A) 21 days after serving it, or (B) if
the pleading is one to which a responsive pleading is
required, 21 days after service of a responsive pleading
or 21 days after service of a motion under Rule 12(b),
(e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "It is well established that an

amended complaint ordinarily supersedes the original, and

renders it of no legal effect." Shields v. Citytrust Bancorp,

Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (internal citations

omitted). "Once an amended pleading is interposed, the

original pleading no longer performs any function in the

case." Azkour v. Haouzi, No. 11 Civ. 5780(RJS)(KNF), 2012 WL

1681438, at *1 (S.D.N.Y. Apr. 25, 2012).

In this case, Defendants filed their motion to

dismiss on July 20, 2012. Ten days later, on July 30,

Plaintiff filed his Amended Complaint. At the time that

Plaintiff filed his Amended Complaint, the 21-day period

during which Fed. R. Civ. P. 15(a)(1)(B) permits a plaintiff

2

to amend his pleadings "as a matter of course" had not elapsed.  Because the Amended Complaint rendered moot the Complaint initially filed on May 10, see Shields, 25 F.3d at 1128, Defendants' motion to dismiss the Complaint was made moot.  Accordingly, Defendants' motion to dismiss is denied as moot with leave to renew.  See, e.g., Haw Par Health Care, Ltd. v. Wardard China & Porcelain, Inc., No. 05 Civ. 4152, 2007 WL 188736, at *1 (S.D.N.Y. Jan. 23, 2007); accord Azkour, 2012 WL 1681438, at *2; Effie Film, LLC v. Murphy, No. 11 Civ. 783(TPG), 2012 WL 716556, at *3 (S.D.N.Y. Mar. 6, 2012).

**Conclusion**

Based on the conclusions set forth above, Defendants' motion to dismiss is denied as moot with leave to renew.

It is so ordered.

New York, NY
August 2 3 , 2012

_____
ROBERT W. SWEET
U.S.D.J.

3